AO 91 (Rev. 11/11) Criminal Complaint

**FILED**

# UNITED STATES DISTRICT COURT
for the
Northern District of California

APR 14 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**SK**

| | |
|---|---|
| United States of America  v.  CHANTA HOPKINS | )  )  )  Case No.  )  )  )  )  ) |

3  16  70489

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 11, 2016__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and (b)(1)(B) | Possession with the Intent to Distribute 28 Grams or more of Cocaine Base |
| | Maximum 40 Years' Imprisonment; Minimum 5 Years' Imprisonment; Maximum Fine of $5,000,000; Minimum Supervised Release of 4 years; Mandatory $100 Special Assessment |

This criminal complaint is based on these facts:
Please see attached affidavit of Deputy U.S. Marshal  DEA Task Force Officer Joseph Palmer.

Approved as to form _____
AUSA Shailika S. Kotiya

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Joseph Palmer, DEA Task Force Officer
*Printed name and title*

Sworn to me and signed in my presence.

Date: __4-14-16__

_____
*Judge's signature*

City and state: __San Francisco, California__   Hon. Sallie Kim, Magistrate Judge
*Printed name and title*

# AFFIDAVIT OF DRUG ENFORCEMENT ADMINISTRATION TASK FORCE OFFICER JOSEPH PALMER

I, Joseph Palmer, Deputy United States Marshal and Task Force Officer (TFO) with the United States Department of Justice, Drug Enforcement Administration (DEA), do swear and affirm as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant alleging that defendant CHANTA HOPKINS possessed with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

## AGENT BACKGROUND

2. I am a Deputy United States Marshal and Task Force Officer (TFO) with the DEA, San Francisco Field Divisional Office, and have been so employed since August 2012. As a Deputy United States Marshal, my duties include the following: task force operations with DEA, fugitive apprehension, investigations into violations of the Court's orders, court operations, prisoner production, prisoner processing, and the maintenance of prisoner records. Deputy United States Marshals are commissioned federal law enforcement officers of the United States and are authorized to carry firearms, execute warrants, make arrests for offenses against the United States of America, and perform other law enforcement duties as authorized by law.

3. From March 2010 through July 2010, I attended the United States Marshals Training program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia. While at FLETC, I completed the Marshals Pre-Basic Program, the Criminal Investigator Training Program (CITP), and the United States Marshals Basic Training Course. The CITP course involved narcotic investigative matters including, but not limited to, drug interdiction, drug detection, money laundering techniques and schemes, smuggling and the investigation of

individuals and organizations involving the smuggling, cultivation, manufacturing, and illicit trafficking of controlled substances.

4. I make this affidavit in support of a criminal complaint against CHANTA HOPKINS and an arrest warrant for HOPKINS alleging the criminal violations set forth in this affidavit.

## APPLICABLE LAW

5. Title 21, United States Code Section 841(a)(1) prohibits a person from manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a controlled substance.

6. Title 21, United States Code Section § 841(b)(1)(B) provides that the penalty for a person who violates subsection (a), as outlined above, involving a drug quantity of 28 grams or more of cocaine base, shall be a minimum of five years' imprisonment, and a maximum term of 40 years' imprisonment, a minimum term of four years' supervised release, and a maximum fine of $5,000,000.

## FACTS ESTABLISHING PROBABLE CAUSE

7. I make this application and affidavit based on personal knowledge obtained as a result of my direct participation in this investigation, conversations with other law enforcement officers who are familiar with this investigation, and upon information obtained from, but not limited to, the following sources which I believe to be reliable:

- Oral and written reports about this investigation from various law enforcement agencies;

- Physical surveillance conducted by federal agents and/or state and local law enforcement officers;

As a result, I am familiar with all aspects of this investigation.

8. Because I submit this affidavit for the limited purpose of seeking authorization for a criminal complaint and arrest warrant, I have not set forth each and every fact learned during the course of this investigation. I have only set forth those facts that I believe are essential to establish probable cause that the defendant Hopkins committed the offense alleged herein.

9. A review of HOPKINS criminal history indicates that he has previous arrests for narcotics and fraud related conduct, amongst other things. Additionally, it appears that HOPKINS was convicted in 2009 of a violation of CA HS 11351.5 – Possession of Cocaine Base for Sale, a felony, to which he was sentenced to four years' imprisonment.

10. The DEA and other law enforcement agencies are investigating the drug trafficking activities of HOPKINS in the Northern District of California.

11. On Monday, April 11, 2016, officers and agents with the United States Marshals Service Fugitive Task Force in the Northern District of California responded to 45 Lansing Street, San Francisco, CA, in an effort to locate and apprehend fugitive HOPKINS, who was wanted on outstanding warrants from Placer County, CA.

12. Upon arriving at 45 Lansing Street, which is a high-rise residential building, U.S. Marshal Task Force Officers contacted employees of the building, who positively identified HOPKINS as the current resident of unit 3306.

13. Additionally, the property manager gave U.S. Marshals Task Force Officers access to unit 3301, which is currently vacant, and is directly across the hallway from unit 3306. From that location, officers were able to establish surveillance on the front door of 3306.

14. Officers witnessed HOPKINS exit unit 3306 and walk down the hallway toward the elevator, where officers took HOPKINS into custody.

15. HOPKINS was then brought back to unit 3301, where he was thoroughly searched incident to arrest. On his person, officers located, amongst other items, several I.D.'s with HOPKINS picture and various aliases. Two of the I.D's were from the state of Oklahoma and in the name of Timothy Griego. Multiple credit cards were also located bearing the name Timothy Griego. A third I.D. was located with the name Dennis Earl Martin Jr., with HOPKINS picture. Credit cards matching that name were also found on HOPKINS person.

16. Based on the items found on HOPKINS at the time of arrest, and the fact that officers observed HOPKINS exit unit 3306, a search warrant for unit 3306 was obtained in San Francisco County.

17. Upon execution of the search warrant, officers located, among other items, a large bag of suspected cocaine, weighing approximately 511 grams, on a top shelf in the kitchen. Additionally, officers located two small bags of suspected crack cocaine on the shelf. In the freezer, officers located two large bags, each containing four individually wrapped bags with approximately one ounce of crack cocaine each, for a total of at least 200 grams of crack cocaine. While on-scene, DEA TFO Palmer used a NIK kit to conduct a presumptive test on the large bag of suspected cocaine. The presumptive test yielded a positive result for the presence of cocaine.

18. On the same shelf as the large bag of suspected cocaine and the two small bags of crack cocaine, officers located a digital scale which was covered in a white powder residue. Based on my training and experience, possession of digital scales in connection with, and, here, in close proximity to, drugs indicates intent to distribute those drugs. Additionally, officers located on the same shelf a kitchen knife, strainer, and graduated cylinder, all of which appeared

to have cocaine residue on them, and all of which are known by TFO Palmer to be equipment used to convert powder cocaine into crack cocaine.

19. On April 13, 2016, while preparing the evidence exhibits for transportation to the DEA lab, DEA TFO Brit Elmore used the TruNarc detection device to conduct a presumptive test on the suspected narcotics. When utilized on the large bag of suspected cocaine, the TruNarc device indicated the presence of Cocaine HCL. When used on the smaller bags of suspected crack cocaine, including the eight individually wrapped bags of suspected crack cocaine, the TruNarc device indicated the presence of Cocaine Base.

## CONCLUSION

20. Based on the aforementioned facts and circumstances, my training and experience, and consultation with other agents and officers experienced in narcotics investigations, I submit there is probable cause to believe that CHANTA HOPKINS possessed with the intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

I declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.

Dated: 4-14-16

JOSEPH PALMER
Task Force Officer
Drug Enforcement Administration


SUBSCRIBED TO AND SWORN TO BEFORE ME THIS _14th_ DAY OF APRIL 2016.

_____
THE HONORABLE SALLIE KIM
United States Magistrate Judge

5