# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO

*FILED*
*2017 FEB 21 P 3: 18*
*SUSAN Y. SOONG*
*CLERK, US DISTRICT COURT*
*NO. DIST. OF CA.*

## UNITED STATES OF AMERICA,

## V.

DONNELL ARTIS, THURMAN GAITHER III, ANTONIO
OLIVER, STERLING HOLMES, DAVONNE YOUNG, AND
ASKARI AQUIL MOHAMMED, A/K/A "CHANTA HOPKINS"

## DEFENDANT(S).

---

# SUPERSEDING INDICTMENT

18 U.S.C. § 922(g)(1)-Felon in Possession of a Firearm; 18 U.S.C. §
1029(b)(2)-Conspiracy to Commit Access Device Fraud;
18 U.S.C. § 922(a)(6)-False Statement During Acquisition of a
Firearm; 18 U.S.C. § 1029(a)(2)-Access Device Fraud;
18 U.S.C. § 1028-Aggravated Identity Theft; 21 U.S.C. § 841(b)(1)
(B)(iii)-Possession with Intent to Distribute 28 Grams or more
Cocaine Base; 21 U.S.C. § 841(b)(1)(C)-Possession with Intent to
Distribute A Quantity of Cocaine

---

A true bill.

_____
Foreman

Filed in open court this _21ˢᵗ_ day of

_Feb, 2017_

_____
Clerk

Laurel Beeler        Bail, $ No bail arrest warrant as to
United States Magistrate Judge    Askari Aquil Mohammed and
                                  Thurman Gaither. No process
                                  for the remaining two defendants



AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☐ INDICTMENT
☒ SUPERSEDING

### OFFENSE CHARGED

COUNT ONE: 18 U.S.C. § 922(g)(1)
COUNT TWO: 18 U.S.C. § 1029(b)(2)
COUNT THREE: 18 U.S.C. § 922(a)(6)
COUNT FOUR: 18 U.S.C. § 1028A(a)(1)

Forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B);1029(c)(1)(C) ⊞

PENALTY:
See Attached.

☐ Petty
☐ Minor
☐ Misde-
  meanor
☒ Felony

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

### DEFENDANT - U.S

▶ DONNELL ARTIS

DISTRICT COURT NUMBER
16-CR-0477 VC

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
HSI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY ☐ DEFENSE

} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    SHAILIKA S. KOTIYA

### DEFENDANT

**IS NOT IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior ▶
      summons was served on above charges _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction          ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    } If "Yes"
been filed?  ☐ No      give date
                        filed _____

DATE OF ▶    Month/Day/Year
ARREST _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount: _____
If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

_____

Comments:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: _____    Before Judge: _____

Attachment to Penalty Sheet
*United States v. Donnell Artis*
CR 16-0477 VC
Superseding Indictment



## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm |
| Count Two | 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud |
| Count Three | 18 U.S.C. § 922(a)(6) – False Statement During Acquisition of a Firearm |
| Count Four | 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft |

## Maximum Penalties

| | |
|---|---|
| Count One | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment. |
| Count Two | 5 years' imprisonment; $250,000 fine; 3 years' of supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Three | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment. |
| Count Four | 2 years' mandatory imprisonment consecutive to any other term of imprisonment imposed; $250,000 fine; 1 year supervised release; $100 mandatory special assessment. |

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☒ SUPERSEDING

---

**OFFENSE CHARGED**

COUNT ONE: 18 U.S.C. § 922(g)(1)
COUNT TWO: 18 U.S.C. § 1029(b)(2)
COUNT FIVE: 18 U.S.C. § 1029(a)(2)
COUNT SIX: 18 U.S.C. § 1028A(a)(1)

Forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B);1029(c)(1)(C)

PENALTY:
See Attached.

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*(handwritten stamp: FILED 2/11/18 CLERK, U.S. DIST. COURT NO. DIST. OF CA.)*

**DEFENDANT - U.S**

▶ THURMAN GAITHER, III

**DISTRICT COURT NUMBER**

16-CR-0477 VC

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

HSI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form      BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)      SHAILIKA S. KOTIYA

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**

1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶

2) ☒ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes
been filed?  ☐ No
} If "Yes" give date filed

**DATE OF ARREST**      Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶      Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT      Bail Amount: NO BAIL

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance      *Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time:                    Before Judge:

Comments:

Attachment to Penalty Sheet
*United States v. Thurman Gaither, III*
CR 16-0477 VC
Superseding Indictment

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm |
| Count Two | 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud |
| Count Five | 18 U.S.C. § 1029(a)(2) – Access Device Fraud |
| Count Six | 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft |

## Maximum Penalties

| | |
|---|---|
| Count One | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment. |
| Count Two | 5 years' imprisonment; $250,000 fine; 3 years' of supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Five | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Six | 2 years' mandatory imprisonment consecutive to any other term of imprisonment imposed; $250,000 fine; 1 year supervised release; $100 mandatory special assessment. |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☒ SUPERSEDING

---

**OFFENSE CHARGED**

COUNT ONE: 18 U.S.C. § 922(g)(1)
COUNT TWO: 18 U.S.C. § 1029(b)(2)
COUNT SEVEN: 18 U.S.C. § 1029(a)(2)
COUNT EIGHT: 18 U.S.C. § 1028A(a)(1)

Forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B);1029(c)(1)(C) ☐+

PENALTY:
See Attached.

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

*(court filing stamp overlay)*

---

**DEFENDANT - U.S**

► ANTONIO OLIVER

DISTRICT COURT NUMBER

16-CR-0477 VC

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

HSI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    SHAILIKA S. KOTIYA

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior ►
   summons was served on above charges _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☒ On this charge

5) ☐ On another conviction       ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No     give date
                      filed    _____

DATE OF ►    Month/Day/Year
ARREST       _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ►    Month/Day/Year
TO U.S. CUSTODY       _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance    * Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____  .    Before Judge: _____

Comments:

Attachment to Penalty Sheet
*United States v. Antonio Oliver*
CR 16-0477 VC
Superseding Indictment

## **Offenses Charged**

| | |
|---|---|
| Count One | 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm |
| Count Two | 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud |
| Count Seven | 18 U.S.C. § 1029(a)(2) – Access Device Fraud |
| Count Eight | 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft |

## **Maximum Penalties**

| | |
|---|---|
| Count One | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment. |
| Count Two | 5 years' imprisonment; $250,000 fine; 3 years' of supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Seven | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Eight | 2 years' mandatory imprisonment consecutive to any other term of imprisonment imposed; $250,000 fine; 1 year supervised release; $100 mandatory special assessment. |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☐ INDICTMENT
    ☒ SUPERSEDING

---OFFENSE CHARGED---

COUNT ONE: 18 U.S.C. § 922(g)(1)
COUNT TWO: 18 U.S.C. § 1029(b)(2)
COUNT NINE: 18 U.S.C. § 1029(a)(2)
COUNT TEN: 18 U.S.C. § 1028A(a)(1)

Forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B);1029(c)(1)(C)

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
See Attached.

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---DEFENDANT - U.S.---

▶ STERLING HOLMES

DISTRICT COURT NUMBER
16-CR-0477 VC

---DEFENDANT---

IS *NOT* IN CUSTODY
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
N.D. CAL.

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction       ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No    If "Yes" give date filed

DATE OF ARREST    Month/Day/Year

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶  Month/Day/Year
TO U.S. CUSTODY

---PROCEEDING---

Name of Complainant Agency, or Person (& Title, if any)
HSI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person
Furnishing Information on this form   BRIAN J. STRETCH
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   SHAILIKA S. KOTIYA

☐ This report amends AO 257 previously submitted

---ADDITIONAL INFORMATION OR COMMENTS---

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT    Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

Attachment to Penalty Sheet
*United States v. Sterling Holmes*
CR 16-0477 VC
Superseding Indictment

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm |
| Count Two | 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud |
| Count Nine | 18 U.S.C. § 1029(a)(2) – Access Device Fraud |
| Count Ten | 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft |

## Maximum Penalties

| | |
|---|---|
| Count One | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment. |
| Count Two | 5 years' imprisonment; $250,000 fine; 3 years' of supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Nine | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Ten | 2 years' mandatory imprisonment consecutive to any other term of imprisonment imposed; $250,000 fine; 1 year supervised release; $100 mandatory special assessment. |

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☐ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

─── OFFENSE CHARGED ───

COUNT ONE: 18 U.S.C. § 922(g)(1)
COUNT TWO: 18 U.S.C. § 1029(b)(2)
COUNT ELEVEN: 18 U.S.C. § 1029(a)(2)
COUNT TWELVE: 18 U.S.C. § 1028A(a)(1)

Forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B);1029(c)(1)(C)

PENALTY:
See Attached.

☐ Petty
☐ Minor
☐ Misde-
   meanor
☒ Felony

┌─ DEFENDANT - U.S ─────────────
▶ DAVONE YOUNG

DISTRICT COURT NUMBER
16-CR-0477 VC

─────────── DEFENDANT ───────────

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
     summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
     N.D. Cal.

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction          ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
     If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?  ☐ No      give date
                       filed

DATE OF        Month/Day/Year
ARREST

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶    Month/Day/Year
TO U.S. CUSTODY

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)
HSI

☐ person is awaiting trial in another Federal or State Court,
   give name of court

☐ this person/proceeding is transferred from another district
   per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of
   charges previously dismissed
   which were dismissed on motion
   of:                                SHOW
                                     DOCKET NO.
   ☐ U.S. ATTORNEY ☐ DEFENSE      }

☐ this prosecution relates to a
   pending case involving this same
   defendant                         MAGISTRATE
                                     CASE NO.
                                  }

☐ prior proceedings or appearance(s)
   before U.S. Magistrate regarding this
   defendant were recorded under   }

Name and Office of Person
Furnishing Information on this form    BRIAN J. STRETCH

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    SHAILIKA S. KOTIYA

☐ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time:              Before Judge:

Comments:

Attachment to Penalty Sheet
*United States v. Davone Young*
CR 16-0477 VC
Superseding Indictment

## Offenses Charged

| | |
|---|---|
| Count One | 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm |
| Count Two | 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud |
| Count Eleven | 18 U.S.C. § 1029(a)(2) – Access Device Fraud |
| Count Twelve | 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft |

## Maximum Penalties

| | |
|---|---|
| Count One | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment. |
| Count Two | 5 years' imprisonment; $250,000 fine; 3 years' of supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Eleven | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Twelve | 2 years' mandatory imprisonment consecutive to any other term of imprisonment imposed; $250,000 fine; 1 year supervised release; $100 mandatory special assessment. |

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT
☒ SUPERSEDING

---

**OFFENSE CHARGED**

COUNT TWO: 18 U.S.C. § 1029(b)(2)
COUNT THIRTEEN: 18 U.S.C. § 1029(a)(2)
COUNT FOURTEEN: 18 U.S.C. § 1028A(a)(1)
COUNT FIFTEEN: 21 U.S.C. § 841(b)(1)(B)(iii)
COUNT SIXTEEN: 21 U.S.C. § 841(b)(1)(C)
Forfeiture pursuant to 18 U.S.C. §§ 982(a)(2)(B);1029(c)(1)(C)

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY:
See Attached.

---

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

2017 FEB 13 3:18

CLERK SUSAN Y. SOONG
NO. DIST. US DISTRICT COURT
NO. DIST. OF CA.

**DEFENDANT - U.S.**

▶ ASKARI AQUIL MOHAMMED

**DISTRICT COURT NUMBER**

16-CR-0477 VC

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

HSI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form     BRIAN J. STRETCH

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)     SHAILIKA S. KOTIYA

---

**DEFENDANT**

**IS NOT IN CUSTODY**
1) ☐ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)
_____

**IS IN CUSTODY**
4) ☐ On this charge

5) ☒ On another conviction     ☐ Federal ☒ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution
Placer County

Has detainer been filed? ☐ Yes ☐ No
} If "Yes" give date filed _____

**DATE OF ARREST** ▶     Month/Day/Year
04/14/2016

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶     Month/Day/Year
_____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:
_____

Comments:

Bail Amount: _____

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____     Before Judge: _____

Attachment to Penalty Sheet
*United States v. Askari Aquil Mohammed*
CR 16-0477 VC
Superseding Indictment

## **Offenses Charged**

| | |
|---|---|
| Count Two | 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud |
| Count Thirteen | 18 U.S.C. § 1029(a)(2) – Access Device Fraud |
| Count Fourteen | 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft |
| Count Fifteen | 21 U.S.C. § 841(b)(1)(B)(iii) – Possession with the Intent to Distribute 28 Grams or More of Cocaine Base |
| Count Sixteen | 21 U.S.C. § 841(b)(1)(C) – Possession with the Intent to Distribute a Quantity of Cocaine |

## **Maximum Penalties**

| | |
|---|---|
| Count Two | 5 years' imprisonment; $250,000 fine; 3 years' of supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Thirteen | 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 mandatory special assessment; forfeiture; restitution. |
| Count Fourteen | 2 years' mandatory imprisonment consecutive to any other term of imprisonment imposed; $250,000 fine; 1 year supervised release; $100 mandatory special assessment. |
| Count Fifteen | Mandatory minimum term of 5 years' imprisonment, maximum term of 40 years' imprisonment; $5,000,000 fine; Minimum term of 4 years' supervised release, maximum term of lifetime supervised release; $100 mandatory special assessment; forfeiture. |
| Count Sixteen | 20 years' imprisonment; $250,000 fine; 3 years' of supervised release; $100 mandatory special assessment; forfeiture. |

1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney

2



3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,                 ) CASE NO. CR 16-0477 VC
                                              )
13      Plaintiff,                            ) VIOLATIONS:
                                              ) 18 U.S.C.§ 922(g)(1) – Felon in Possession of a
14  v.                                        ) Firearm;
                                              ) 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit
15  DONNELL ARTIS,                            ) Access Device Fraud;
    THURMAN GAITHER III,                      ) 18 U.S.C. § 922(a)(6) – False Statement During
16  ANTONIO OLIVER,                           ) Acquisition of a Firearm;
    STERLING HOLMES,                          ) 18 U.S.C. § 1029(a)(2) – Access Device Fraud;
17  DAVONE YOUNG, and                         ) 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft;
    ASKARI AQUIL MOHAMMED,                    ) 21 U.S.C. § 841(b)(1)(B)(iii) – Possession with the
18    a/k/a "Chanta Hopkins,"                 ) Intent to Distribute 28 Grams or More of Cocaine
                                              ) Base;
19      Defendants.                           ) 21 U.S.C. § 841(b)(1)(C) – Possession with the Intent
                                              ) to Distribute a Quantity of Cocaine;
20                                            ) 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C) –
                                              ) Access Device Fraud Forfeiture;
21                                            ) 21 U.S.C. § 853 & 28 U.S.C. § 2461 – Criminal
                                              ) Forfeiture
22                                            )
                                              )
23  _____) SAN FRANCISCO VENUE

24                     S U P E R S E D I N G   I N D I C T M E N T

25  The Grand Jury charges:

26  COUNT ONE:  (18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm)

27       1.     On or about March 26, 2016, in the Northern District of California, the defendants,

28  SUPERSEDING INDICTMENT

1    DONNELL ARTIS,
     THURMAN GAITHER III,
2    ANTONIO OLIVER,
     STERLING HOLMES, and
3    DAVONE YOUNG,

4    each having been previously convicted of a crime punishable by a term of imprisonment exceeding one

5    year, did knowingly possess firearms, specifically, a Glock Model 26 bearing serial number EXT536US;

6    a Glock Model 36 bearing serial number URF319; a Glock Model 30 bearing serial number

7    DEH703US; a Glock Model 22 bearing serial number XCA680; and a Springfield Model XD bearing

8    serial number XD352789, in and affecting interstate and foreign commerce, in violation of Title 18,

9    United States Code, Section 922(g)(1).

10   COUNT TWO:  (18 U.S.C. §1029(b)(2) – Conspiracy to Commit Access Device Fraud)

11        2.      Beginning on a date unknown to the grand jury and continuing to on or about April 11,

12   2016, in the Northern District of California and elsewhere, the defendants,

13    DONNELL ARTIS,
     THURMAN GAITHER III,
14    ANTONIO OLIVER,
     STERLING HOLMES,
15    DAVONE YOUNG, and
     ASKARI AQUIL MOHAMMED,
16

17   together with others known and unknown to the grand jury did conspire and agree to knowingly and

18   with intent to defraud, produce, use, and traffic in one or more counterfeit access devices, in a manner

19   affecting interstate commerce, in violation of Title 18, United States Code, Section 1029(a)(2).

20        3.      In furtherance of the conspiracy, and to effect the objects thereof, the defendants engaged

21   in the following conduct in the Northern District of California and elsewhere:

22             a.      On or about April 2, 2016, ARTIS used a counterfeit credit card bearing an

23   account number ending in 7083 to make a purchase for $1,831.42 at the Kay Jewelers in San Diego,

24   California.

25             b.      On or about February 18, 2016, GAITHER used a counterfeit credit card bearing

26   an account number ending in 1867 to make a purchase of $1,756.42 and a second purchase of $1,756.42

27   at Barneys New York in San Francisco, California.

28

SUPERSEDING INDICTMENT
                                    2

1        c.     On or about February 18, 2016, OLIVER used a counterfeit credit card bearing an

2  account number ending in 2361 to make a purchase of $2,338.24 and a purchase of $1,397.53 at Barneys

3  New York in San Francisco, California.

4        d.     On or about February 18, 2016, HOLMES used a counterfeit credit card bearing

5  an account number ending in 8945 to make a purchase of $1,576.00 and a purchase of $1,468.14 at

6  Barneys New York in San Francisco, California.

7        e.     On or about February 18, 2016, YOUNG used a counterfeit credit card bearing an

8  account number ending in 9396 to make a purchase of $2,055.49 and a purchase of $864.57 at Barneys

9  New York in San Francisco, California.

10       f.     On or about March 31, 2016, MOHAMMED used a counterfeit credit card

11  bearing an account number ending in 0637 to make a purchase of $1,468.22 at Burberry in San

12  Francisco, California.

13       g.     On or about April 11, 2016, MOHAMMED possessed device-making equipment;

14  to wit, an embosser, a printer, foil spools, printer card feeders, various printer ribbons, blank credit

15  cards, and holograms used to make access devices.

16     All in violation of Title 18, United States Code, Section 1029(b)(2)).

17  <u>COUNT THREE</u>:  (18 U.S.C. § 922(a)(6) – False Statement During Acquisition of a Firearm)

18     4.     On or about March 26, 2016, in the Northern District of California, the defendant,

19                           DONNELL ARTIS,

20  in connection with the acquisition of firearms, namely, a Glock Model 26 bearing serial number

21  EXT536US; a Glock Model 36 bearing serial number URF319; a Glock Model 30 bearing serial number

22  DEH703US; a Glock Model 22 bearing serial number XCA680; and a Springfield Model XD bearing

23  serial number XD352789, from the Jackson Arms Shooting Range and Gun Shop in South San

24  Francisco, California, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United

25  States Code, did knowingly furnish and exhibit a false, fictitious, and misrepresented identification with

26  the intent to deceive the Jackson Arms Shooting Range and Gun Shop with respect to a fact material to

27  the lawfulness of the acquisition of said firearms by the defendant, namely, the defendant presented a

28

SUPERSEDING INDICTMENT

Texas Driver's License, number XXXX1792, in the name of M.W. but bearing the defendant's photograph, as proof of identification, when the defendant knew that his true name was Donnell Artis and that his prior conviction for a crime punishable by a term of imprisonment exceeding one year precluded him from acquiring said firearms.

All in violation of Title 18, United States Code, Section 922(a)(6).

COUNT FOUR: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

5.     On or about March 26, 2016, in the Northern District of California and elsewhere, the defendant,

DONNELL ARTIS,

did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the name of the real individual M.W., during and in relation to a felony violation of Title 18, United States Code, Section 922(a)(6), as described in Count Three of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT FIVE: (18 U.S.C. § 1029(a)(2) – Unlawful Use of Access Devices to Obtain $1000 or more)

6.     From on or about February 18, 2015, to on or about February 18, 2016, in the Northern District of California and elsewhere, the defendant,

THURMAN GAITHER, III,

did knowingly and with intent to defraud use unauthorized and counterfeit access devices, and by such conduct, obtain anything of value aggregating at least $1,000 within a one-year period, and, in so doing, affected interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

COUNT SIX: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

7.     On or about February 18, 2016, in the Northern District of California and elsewhere, the defendant,

THURMAN GAITHER, III,

did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the credit card number of the real individual R.C., during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), as described in Count Five of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT SEVEN: (18 U.S.C. § 1029(a)(2) – Unlawful Use of Access Devices to Obtain $1000 or more)

8.     From on or about February 18, 2015, to on or about February 18, 2016, in the Northern District of California and elsewhere, the defendant,

ANTONIO OLIVER,

did knowingly and with intent to defraud use unauthorized and counterfeit access devices, and by such conduct, obtain anything of value aggregating at least $1,000 within a one-year period, and, in so doing, affected interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

COUNT EIGHT: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

9.     On or about February 18, 2016, in the Northern District of California and elsewhere, the defendant,

ANTONIO OLIVER,

did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the credit card number of the real individual P.D., during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), as described in Count Seven of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT NINE: (18 U.S.C. § 1029(a)(2) – Unlawful Use of Access Devices to Obtain $1000 or more)

10.     From on or about February 18, 2015, to on or about February 18, 2016, in the Northern District of California and elsewhere, the defendant,

STERLING HOLMES,

did knowingly and with intent to defraud use unauthorized and counterfeit access devices, and by such conduct, obtain anything of value aggregating at least $1,000 within a one-year period, and, in so doing, affected interstate commerce.

SUPERSEDING INDICTMENT

5

All in violation of Title 18, United States Code, Section 1029(a)(2).

COUNT TEN: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

11.    On or about February 18, 2016, in the Northern District of California and elsewhere, the defendant,

STERLING HOLMES,

did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the credit card number of the real individual T.I., during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), as described in Count Nine of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT ELEVEN: (18 U.S.C. § 1029(a)(2) – Unlawful Use of Access Devices to Obtain $1000 or more)

12.    From on or about February 18, 2015, to on or about February 18, 2016, in the Northern District of California and elsewhere, the defendant,

DAVONE YOUNG,

did knowingly and with intent to defraud use unauthorized and counterfeit access devices, and by such conduct, obtain anything of value aggregating at least $1,000 within a one-year period, and, in so doing, affected interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

COUNT TWELVE: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

13.    On or about February 18, 2016, in the Northern District of California and elsewhere, the defendant,

DAVONE YOUNG,

did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the credit card number of the real individual A.M., during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), as described in Count Eleven of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT THIRTEEN: (18 U.S.C. § 1029(a)(2) – Unlawful Use of Access Devices to Obtain $1000 or more)

14.     From on or about March 31, 2015, to on or about March 31, 2016, in the Northern District of California and elsewhere, the defendant,

ASKARI AQUIL MOHAMMED,

did knowingly and with intent to defraud use unauthorized and counterfeit access devices, and by such conduct, obtain anything of value aggregating at least $1,000 within a one-year period, and, in so doing, affected interstate commerce.

All in violation of Title 18, United States Code, Section 1029(a)(2).

COUNT FOURTEEN: (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

15.     On or about March 31, 2016, in the Northern District of California and elsewhere, the defendant,

ASKARI AQUIL MOHAMMED,

did knowingly possess and use, without lawful authority, the means of identification of another person, that is, the credit card number of the real individual A.M.C., during and in relation to a felony violation of Title 18, United States Code, Section 1029(a)(2), as described in Count Thirteen of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

COUNT FIFTEEN: (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) – Possession with intent to distribute 28 grams or more of a mixture or substance which contains cocaine base)

16.     On or about April 11, 2016, in the Northern District of California, the defendant,

ASKARI AQUIL MOHAMMED,

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, to wit: 28 grams and more of a mixture or substance containing cocaine base.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii).

COUNT SIXTEEN: (21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with intent to distribute a quantity of cocaine)

17.     On or about April 11, 2016, in the Northern District of California, the defendant,

SUPERSEDING INDICTMENT

7

ASKARI AQUIL MOHAMMED,

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, to

wit: cocaine, its salts, optical and geometric isomers, and salts of its isomers.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

FORFEITURE ALLEGATIONS:    (18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 1029(c)(1)(C); 21 U.S.C.
                           § 853; and 28 U.S.C. § 2461(c))

18.    The allegations contained in Counts One through Sixteen of this Superseding Indictment

are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18

U.S.C. §§ 982(a)(2)(B), 1029(c)(1)(C), and 21 U.S.C. § 853.

19.    Upon conviction of any of the offenses alleged in Counts Two, Three, Five, Seven, Nine,

Eleven, and Thirteen the defendants,

DONNELL ARTIS,
THURMAN GAITHER III,
ANTONIO OLIVER,
STERLING HOLMES,
DAVONE YOUNG, and
ASKARI AQUIL MOHAMMED,

shall forfeit to the United States of America, pursuant to 18 U.S.C. §§ 982(a)(2)(B) and 1029(c)(1)(C),

any property constituting or derived from proceeds the defendants obtained, directly or indirectly, as the

result of such violations and any personal property used or intended to be used to commit, or facilitate

the commission, of the offenses.

20.    The property to be forfeited includes, but is not limited to:

a.    Identification documents in the name of other individuals;

b.    Documents and digital images containing the means of identification of other

individuals;

c.    Counterfeit and unauthorized access devices, including credit cards in the name of

other individuals and unembossed credit cards;

d.    Device-making equipment; and

e.    A 24" gold chain necklace purchased by ARTIS using a counterfeit credit card on

or about April 2, 2016.

SUPERSEDING INDICTMENT

8

1     21.    Upon conviction of any of the offenses alleged in Counts Fifteen and Sixteen, the

2 defendant,

3                              ASKARI AQUIL MOHAMMED,

4 shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), all right, title,

5 and interest in any property constituting or derived from any proceeds the defendant obtained, directly or

6 indirectly, as a result of said violation, and any property used, or intended to be used, to commit or to

7 facilitate the commission of such violation, including but not limited to the following property:

8           a.    Approximately $1,869 seized from his person on or about April 11, 2016;

9           b.    Approximately $2,100 in cash seized from his residence at 45 Lansing Street,

10              Unit 3306, San Francisco, California on or about April 11, 2016; and

11           c.    A digital scale seized from the same residence on or about April 11, 2016.

12      22.    If any of the property described above, as a result of any act or omission of the

13 defendant:

14           a.    cannot be located upon the exercise of due diligence;

15           b.    has been transferred and sold to, and deposited with, a third party;

16           c.    has been placed beyond the jurisdiction of the court;

17           d.    has been substantially diminished in value; or

18           e.    has been commingled with other property which cannot be divided without

19              difficulty,

20 any and all interest the defendants have in any other property (not to exceed the value of the above

21 forfeitable property) shall be forfeited to the United States pursuant to Title 21, United States Code,

22 Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

23 //

24 //

25 //

26 //

27 //

28

SUPERSEDING INDICTMENT

All in violation of Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: 2/21/17

A TRUE BILL.

_____
FOREPERSON

BRIAN J. STRETCH
United States Attorney

_____
ELISE BECKER
Deputy Chief, Criminal Division

(Approved as to form: _____ )
SHAILIKA S. KOTIYA
KATHERINE L. WAWRZYNIAK
Assistant United States Attorneys

SUPERSEDING INDICTMENT

10