STEVEN F. GRUEL (SBN 213148)

315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone Number (415) 989-1253
Fax Number (415) 829-4304
attystevengruel@sbcglobal.net

www.gruellaw.com

Attorney for Chanta Hopkins

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-16-0477-VC |
| Plaintiff, | DECLARATION OF STEVEN F. GRUEL IN SUPPORT OF DEFENDANT CHANTA HOPKINS MOTIONS: (1) FOR A *FRANKS* HEARING; (2) TO SUPPRESS EVIDENCE SEIZED AT THE TIME OF ARREST; and (3) TO SUPPRESS EVIDENCE FOUND IN THE JASPERSTREET APARTMENTS #3306 and VEHICLE |
| Vs. | |
| CHANTA HOPKINS, et al, | |
| Defendants. | |
| | Honorable Vince Chhabria |
| | Hearing Date: November 28, 2017
Time: 10:30 a.m. |

I, Steven F. Gruel, under penalty of perjury hereby declare the following:

1. I am an attorney licensed and in good standing in the State Bars of Wisconsin and California. I represent Chanta Hopkins in the above federal prosecution. I have reviewed the Superseding Indictment filed in this case and the government's discovery provided to the defense. I make this declaration upon that review of the government's discovery along with the charges filed against defendant Chanta Hopkins.

*DECLARATION OF STEVEN F. GRUEL*

1

2. Attached hereto as Exhibit A is a true and correct copy of the government's discovery pertaining to the April 5, 2016 chase by FBI Special Agent Stonie Carlson and Brian Koh of co-defendant Donnell Artis who was spotted outside Willie Brown's Liquor store located at 1933 Fruitvale Avenue, Oakland, California. Agent Carlson claimed to recover Artis' cellular telephone at the liquor store. No time for the chase or the recovery of the cellular phone is recorded in the FBI report. On April 5, 2016 at 3:29 p.m. federal agent Carlson obtained a California state search warrant to search Artis' cellular telephone which was in the possession of the United States Marshals. The contents of this cellular telephone were not "extracted" until April 8, 2016. See USABC 00012 – 00017. I asked AUSA Shailika Kotiya at what time on April 5, 2016 the chase of Donnell Artis because no time was indicated in any report. On October 2, 2017, AUSA Kotiya replied via email that "Having spoken with FBI Agent Stonie Carlson, his recollection is that they spotted Artis early afternoon on April 5, 2016, outside of Willie Brown's."

3. Attached hereto as Exhibit B are true and correct copies of two (2) April 7, 2016, Alameda County state search warrants (consisting of only four (4) pages of cover sheets forms with no supporting declarations) pertaining to Chanta Hopkins aka Mohammed Askari Aquil for a cell-site simulator for Subject Telephone #1 described as a Verizon Wireless assigned telephone number 832-763-5555. The Alameda County state search warrants provided for the "real time tracking information, including but not limited to satellite Global Positioning System (GPS) . . ." to locate that particular phone. Mr. Hopkins was handed or these four (4) documents were placed in his property when he was arrested and sent to Placer County.

4. Upon my review of the government's discovery, the state search warrant pages attached as Exhibit B and described above, were not included in the discovery production. While the government did produce reports that on April 11, 2016, agents waited in a vacant apartment for Chanta Hopkins to leave apartment 3306 for the hallway of the Jasper Street Apartments located at 45 Lansing Street, San Francisco, there were no reports provided indicating why law enforcement waited for Mr. Hopkins at that location. Mr. Hopkins was immediately arrested as he entered the hallway from apartment #3306.

5. Attached as Exhibit C are three (3) pages of excerpts of telephone records produced by the government in discovery pertaining to the cellular telephone recovered by agent Carlson on April 5, 2016 alleged to have belonged to Donnell Artis. I redacted these 3 pages to conceal nonrelated telephone numbers. The first page is a record of the "incoming" calls to the recovered cellular telephone. I highlighted the single call (call #10) from 18327635555 incoming on April 5, 2016 at 2:51:05 AM (UTC + 0). The second page is a record of "missed" calls to the recovered cellular telephone alleged to belong to Donnell Artis. I highlighted the single missed call (Call # 5) from 18327635555 missed on April 5, 2016 at 8:04:14 AM (UTC +0). The third page pertains to "unknown" calls pertaining to the recovered cellular telephone. I highlighted the single call from 18327635555 on April 5, 2016 at 6:02 PM (UTC +0).

6. I researched the term "UTC" as seen in the cellular telephone records described above and learned that "UTC" stands for Coordinated Universal Time. I further learned that UTC time is seven (7) hours ahead of Pacific Standard Time (PST). Therefore, when subtracting seven (7) hours from the records described above one concludes that the incoming call from 18327635555 came at approximately 8 PM on April 4, 2016; the

*DECLARATION OF STEVEN F. GRUEL*

3

missed call from 18327635555 came at approximately 1 AM on April 5, 2016; and the "unknown" call came at approximately 11 AM on April 5, 2016 --- all of three (3) calls were before the "early afternoon" chase and subsequent recovery of the cellular telephone belonging to Donnell Artis.

7. Attached hereto as Exhibit D is a true and correct copy of my September 8, 2017 letter to the prosecutor in this case summarizing my efforts to obtain the complete set of documents for the two (2) state search warrants for the cell-site simulator for telephone number 832-763-5555 which were missing from the four (4) pages of forms given to Mr. Hopkins by the agents. I learned in my discussions with AUSA Kotiya that none of the documentation related to the state warrants used by agent Carlson to obtain permission to use the cell-site simulator for 832-763-5555 was provided to her prior to my requesting it.

8. On September 26, 2017 the government first produced what appears to be a complete set of documents pertaining to the four (4) pages of the Alameda County state warrants for the cell site simulator for number 832-763-5555. These documents are attached hereto as Exhibit E. For example, the Return to Alameda County Search Warrant states that on April 11, 2016, the Cell Site Simulator was deployed beginning at approximately 10:21 hours and ending at approximately 17:05 hours. See USCH 002337. The officer's Return to Search Warrant also indicates that all "data collected during this mission has been destroyed." The Affidavit by federal agent Stonie Carlson for the Cell Site Simulator search warrant is heavily redacted (unlike his April 5, 2016 declaration for the state search warrant to extract information from Donnell Artis recovered cellular telephone). See USCH 002340 – 002342. Agent Carlson has completely redacted all alleged information he presented to the state judge indicating why he believed 832-763-

*DECLARATION OF STEVEN F. GRUEL*

4

5555 was a number associated with Chanta Hopkins. Moreover, in paragraph 10, agent Carlson represented that while Donnell Artis' recovered cellular telephone was in law enforcement possession it "received several incoming calls from cellular telephone number 832-763-5555." The call log records produced by the government in discovery, as seen in above Exhibit C, prove this statement to be false. To the contrary, the produced records show that no calls from 832-763-5555 came to Artis' cellular telephone after the April 5, 2016 chase.

9. To fully review and assess the legality of the federal agent Carlon's declaration for the state search warrant for the cell site simulator, I requested that the government produce a completely unredacted version of the declaration. Attached hereto as Exhibit F is the government's response denying my request. Instead, the government reproduced the heavily redacted Carlson declaration while uncovering what was already seen in other parts of the case discovery that Donnell Artis was chased on April 5, 2016, by law enforcement and they recovered his cellular telephone.

10. My review of the discovery in this case reveals that the government used several cell site simulator search warrants. However, the federal government only applied for and obtained the Alameda County state warrant for a cellular phone related to Mr. Hopkins. All the other cell site simulator warrants were in accordance with federal law, with the prior review and approval of AUSA Jerome Mayer-Cantu and were subsequently reviewed and authorized by either Chief Magistrate Judge Joseph C. Spero or Magistrate Judge Sallie Kim.

11. Attached hereto as Exhibit G is a true and correct copy of the April 11, 2016, 5:00 PM state search warrant for the Jasper Apartments Complex located at 45 Lansing Street in

San Francisco, Apartment Unit # 3306.  In his affidavit for the search warrant, Sergeant Salvador Perez, states that he fully believes that Mr. Hopkins "will be located within apartment unit 3306" and that the U.S. Marshals are "ascertaining" whether Mr. Hopkins is currently inside unit #3306.  The discovery shows that Mr. Hopkins was arrested as he walked out of unit #3306 into the hallway by law enforcement waiting across the hallway in a vacant apartment. As seen in the Return to the Search Warrant for the state cell site simulator for the cellular number 832-763-5555 (Exhibit E, above) the cell site simulator was turned off on April 11, 2016 at 17:05 hours (5:05 PM).  As Sergeant Perez swore five (5) minutes earlier in this state search warrant declaration, the US Marshals were "ascertaining" whether Mr. Hopkins was inside apartment number 3306 and once arrested, the Marshals turned the cell site simulator off.

12. Once Mr. Hopkins was arrested around 5:00 PM, as he exited apartment #3306, Sergeant Salvador Perez applied for a new San Francisco county state search warrant for apartment #3306 and a 2016 Infinity Black SUV.  Attached hereto as Exhibit H is a true and correct copy of the April 11, 2016, 7:00 PM state search warrant for the Jasper Apartments Complex located at 45 Lansing Street in San Francisco, Apartment Unit # 3306. The state warrant was limited exclusively to identification documents, credit cards, debit cards, computers and other devices used to manufacture false identification and credit or debit cards.  There was no indication or authorization to seize any property beyond that mentioned in the warrant.  In fact, the authorizing state Judge (The Honorable Ethan P. Shuman) added to the warrant and order that 'All information obtained through execution of the warrant that is unrelated to the objective of the warrant shall be sealed and not subject to further review, use or disclosure without court order."

*DECLARATION OF STEVEN F. GRUEL*

6

13. I have reviewed photographs associated with the search of apartment #3306. Blank credit cards, materials, computers, equipment and devices to create cards, receipts from credit card purchases, and merchandise purchased with credit cards are photographed within the apartment. Cocaine was found in the apartment hidden in a shopping bag in a kitchen cabinet and inside a freezer.

14. The state warrant did not authorize searching and seizing any drugs from apartment #3306 and Mr. Hopkins was not arrested immediately outside the apartment possessing any drugs. To my knowledge, the government directly violated Judge Shuman's hand written explicit order and seized the drugs and charged Mr. Hopkins for drug offenses without an explicit Court order.

15. Attached hereto as Exhibit I is a true and correct copy of the San Francisco Police Department Report (Number 160298751), with my redactions of identification numbers for other individuals, describing the hallway arrest of Mr. Hopkins as the Jasper Apartments.

I declare that the above is true and correct under penalty of perjury.

Dated: October 11, 2017 \_\_\_/s/_____
STEVEN F. GRUEL

*DECLARATION OF STEVEN F. GRUEL*

7