# EXHIBIT E

# STATE of CALIFORNIA - COUNTY of ALAMEDA
# RETURN TO SEARCH WARRANT

I, Officer Coker, being sworn, says that he conducted a search pursuant to the Search Warrant described below:

Issuing Magistrate: Honorable J. Conger
Magistrate's Court: **Superior Court of California, County of Alameda**
Date of Issuance: 04/07/2016     Date of Service 04/11/2016

**THE PREMISES:**
None

**Cell-site Simulator**

A Cell Site Simulator was deployed on 04/11/2016 beginning at approximately 10:21 hours and ending at approximately 17:05 hours. All data collected during this mission has been deleted.

**For the following property**
Cell-site Simulator – No evidence seized
Target# 832-763-5555

**Seized Items**

None.

I further swear that this is a true and detailed account of all the property taken by me pursuant to the search warrant, and the pursuant to Penal Code Sections 1528 and 1536 this property will be retained in my custody, subject to the order of this court or of any other court in which the offense in respect to which the seized property is triable.

*D. Coker*
(Signature of Affiant)

State of California
County of Alameda

FID 9887548 CSS 5555

USCH 002337

# STATE OF CALIFORNIA - COUNTY OF ALAMEDA, SW NO.____ 

# AFFIDAVIT

THE UNITED STATES MARSHALS SERVICE and the OAKLAND POLICE DEPARTMENT by Task Force Officer/ SA Stonie Carlson and authority of 28 U.S.C. Sec 564, hereby applies for a Search Warrant authorizing the use of a **CELL-SITE SIMULATOR.** SA Stonie Carlson swears under penalty of perjury that the facts expressed by him/her in the attached and incorporated **Statement of Probable Cause** are true and that based thereon he/she has probable cause for believing and does believe that the **CELL-SITE SIMULATOR** pursuant to Title 18, United States Code, Section 3127(3), described below, is lawfully pursuant to Penal Code Section 1524 and 1534, and Title 18, United States Code, Section 3127(3) in that:

____ was stolen or embezzled

____ was used as the means of committing a felony

____ is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery

____ tends show that a felony has been committed or that a particular person has committed a felony

____ tends to show that sexual exploitation of a child, in violation of Penal Code Section 311.3, or possession of matter depicting sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring

__X__ there is a warrant to arrest the person; CHANTA HOPKINS aka MOHAMMEDA ASKARI AQUIL for CA PC-484 PC-Forge Access Card to Defraud/Counterfeiting

__X__ is information to be received from the use of the Target Telephone(s), as tracking device(s) that will assist in locating an individual who has committed or is committing a felony and is currently a Fugitive of Justice.

It is **FURTHER REQUESTED** pursuant to CA Penal Code 1546.2 (b)(3) that based on the supporting Affidavit, the Court finds that a delay of notification for ninety (90) days is justified by the following adverse results:
____ Danger to the life or physical safety of an individual
__X__ Flight from Prosecution
____ Destruction of or Tampering with Evidence
____ Intimidation of Potential Witnesses
__X__ Serious Jeopardy to an Investigation or Undue Delay of Trial

**90 DAY DELAY NOTICE APPROVED YES [X] NO [ ]**

_____
[Signature of Magistrate]
Judge of the Superior Court, County of Alameda

FID 9887548 CSS 5555

USCH 002338

**YOU ARE THEREFORE COMMANDED TO SEARCH:** and obtain information with the use of a cell-site simulator to receive information from use of the Subject Telephone(s) as tracking device(s) in order to obtain real-time tracking information, including but not limited to "pen register', satellite Global Positioning System (GPS) and/or latitude and longitude cellular tower data signals to be transmitted to the cell-site simulator from the following Subject Telephone(s), by the Inspectors with the U.S. Marshal's executing the warrant.

**Subject Telephone #1:** A cellular telephone serviced by Verizon Wireless, assigned telephone number 832-763-5555 (hereinafter referred to as the "Subject Telephone Number(s)").

**FOR THE FOLLOWING PROPERTY/PERSONS:** This tracking device search warrant is for the purpose of receiving information from the use of the Target Telephone(s), including but not limited to real-time tracking of location data from "pen register", satellite GPS and/or latitude and longitude cellular tower data concerning the Target Telephone(s).

The use of a cell-site simulator on cellular telephone provider(s) known as: Verizon Wireless number 832-763-5555 upon the request of Inspectors of the United States Marshals Service, shall provide the following information and services without delay the use of:

(a) A cell-site simulator constitutes a "pen register" device within the meaning of Title 18, United States Code, Section 3127(3), in that it is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted.

(b) The United States Marshals Service may, at their discretion, employ electronic investigative techniques, including a cell-site simulator, to detect radio signals that are emitted automatically at the time a cell phone is turned on, and periodically thereafter as long as the phone remains on, regardless of whether a call is being made, to communicate with the cellular infrastructure, including cell towers. These signals contain identifying numbers for the telephone (e.g., the Electronic Serial Number ("ESN") or International Mobile Subscriber Identification ("IMSI") number). The investigative agency(ies) would use these techniques to identify the location from which the target cellular telephone is operating. The techniques do not intercept the content of communications, but rather search for signals emitted by the target cellular device, which are identified through its identifying numbers (which are already known to law enforcement through other means). Any cell-site simulator used is not configured to provide subscriber account information (for example, an account holder's name, address, or telephone number). Once the target cellular device's signals are identified, the strength of the signal emitted by the target cellular telephone can be analyzed to ascertain the general direction and location of the signal, which can assist in identifying the general location from which the subject cellular telephone is operating. The investigative agency(ies) may continue thru a period of thirty (30) days from the date this Warrant is filed by the court.

(c) The target cellular device and other cellular devices in the area might experience a temporary disruption of service from the service provider as a result of use of a cell-site simulator. Any potential service disruption to non-target devices would be temporary and all operations will be conducted to ensure the minimal amount of interference to non-target devices.

FID 9887548 CSS 5555

(d) IT IS FURTHER REQUESTED, that the use of a cell-site similar by the investigative agency(ies) shall not store any information (unique identifiers) collected from any non-target device longer than necessary to distinguish the target device from non-target devices. All data will be deleted as soon as the target device is located, and no less than once daily. Further, the investigative agency(ies) will make no affirmative investigative use of any non-target device data absent further order of the court.

(e) The use of a cell-site simulator, as described herein, does not require physical intrusion or trespass into any private space. Therefore, it is also requested that the U.S. Marshal Service be permitted to use a cell-site simulator at times determined by the Senior Inspector and investigators, including any time, day or night without geographic limitation.

(f) IT IS FURTHER REQUESTED, with Good cause having been shown, pursuant to CA Penal Code 629.66, that this entire Search Warrant to include the Affidavit and Warrant, be sealed until otherwise ordered by the Court, that the identity of any target(s) of the underlying criminal investigation may be redacted from any copy of this Warrant to be served on any service provider or other person, and that the local, long distance and wireless carriers and their representatives, agents and employees, nor law enforcement officials shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Warrant or the existence of the above-described investigation, to the listed subscriber for the Subject Telephone Numbers, the occupant of said premises, the subscribers of the incoming calls to or outgoing calls from the Subject Telephone Numbers, or to any other person, in full or redacted form, unless or until otherwise ordered by the court.

(g) IT IS FURTHER REQUESTED, Probable Cause having been shown, pursuant to CA Penal Code 1546.2, the notification be delayed for 90 days based on the statement in the attached affidavit and a finding of adverse results in that it would serious jeopardize the ongoing investigation and undue delay of trail causing the fugitive of the investigation to flee from prosecution. Upon arrest of the fugitive, if located before the 90 day expiration period, the affiant of the U.S. Marshals Service shall file a return to the warrant within 10 calendar days and serve a copy of the warrant to the authorized handler of the device and the notice of the nature of the government's investigation.

## EXPERTISE

In the experience of SA Stonie Carlson, fugitives, their family and close associates communicate with each other via cell phone or social media through multiple accounts and cellular devices. This method of communication is employed to assist the fugitive in avoid being detected by law enforcement. As chronicled in past investigations, it is the experience of SA Stonie Carlson these set of behaviors and actions provide the bearings to avert all contact with law enforcement. Based on my experience, SA Stonie Carlson has worked hundreds of cases in which fugitives 

FID 9887548 CSS 5555



▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In the experience of SA Stonie Carlson, fugitives will continue to keep in contact with close family and friends via cell phone. Furthermore, if the fugitive of justice or user of the Subject Telephone is informed that a warrant has been executed to allow for a tracking on the Subject Telephone(s), it would alert the user/subscriber and impede on law enforcement's ongoing investigation. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As a result of this notification, there will be a delay in the apprehension of the fugitive causing prolonged Flight from Prosecution, serious jeopardy to an investigation, or unjust delay of trial.

## APPLICATION AND STATEMENT OF PROBABLE CAUSE

1. The United States Marshals Service hereby apply for a Search Warrant/Order authorizing 1) the use of a Cell-Site Simulator device for a period of thirty (30) days on Verizon Wireless telephone number(s) 832-763-5555 (hereinafter the Subject Telephone Number(s); to aid in locating and apprehending a suspect wanted for a violation of CA PC-484 PC-Forge Access Card to Defraud/Counterfeiting. The information received by this Warrant is relevant to the above listed investigation. This application is based on the attached affidavit of SA Stonie Carlson of the United States Marshals Service Pacific Southwest Regional Fugitive Task Force.

2. The Oakland Police Department is currently investigating CHANTA HOPKINS, aka MOHAMMED ASKARI AQUIL (a male black born 11/17/1981 known to Alameda County as BBH115) for credit card counterfeiting and firearms violations. On 20 August 2015, at about 0030 hours OPD Officers were dispatched to 1389 Jefferson St. Apt. D612 on a report of discovered firearms (by Bail Bonds) and electronic machines used to commit credit card fraud. It has been confirmed that Chanta Hopkins lived at 1389 Jefferson St. Apt D612, Oakland, Ca, at the time of the incident. Hopkins was not at the residence upon arrival of police. The firearms (4) were collected and turned into the OPD property section (report 15-044318). Chanta Hopkins has two felony warrants issued out for his arrest. Failure to appear for counterfeiting (#62124063CA) and burglary/459 (#62120966BA) out of Roseville, CA. Chanta Hopkins is also on probation for 23152 VC and with terms of P5.

3. Roseville PD conducted a counterfeit investigation concerning Hopkins. On July 7, 2013 Roseville PD conducted a vehicle stop on Hopkins and two other individuals. A search was conducted and Hopkins was found to have fraudulent credit cards in his possession. Hopkins was arrested for 484 (e) PC (report 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).

4. On August 19 2015, at about 1400 hours, Chanta Hopkins was spotted by ▓▓▓▓▓▓▓▓▓▓ driving V-1 (2015, Audi, Q7, black in color (license plate 7GDM674) in the 17 blk of Jefferson St. Once OPD marked patrol vehicles closed distance in an attempt to conduct a vehicle stop, Hopkins fled the area at a high rate of speed-violating multiple traffic laws in an attempt to avoid contact with police. It was apparent to ▓▓▓▓▓▓▓▓▓▓ that Chanta Hopkins had knowledge that the police were attempting to contact him and he fled in an attempt to avoid arrest.

5. ATF Agent Jackie Cunningham notified OPD that Hopkins obtained the 2015 Audi Q7 (License plate 7GDM674) by fraudulent means. This vehicle has since been seized by law enforcement and returned to the finance corporation.

6. ▓▓▓▓▓▓▓▓8184 advised that Chanta Hopkins was also in possession of a Mercedes Benz, Maybach, black in color (Vin:WDDUX7GB7GA165339). The vehicle has since been recovered and returned to the registered owner. Hopkins utilized fraudulent identification in order to obtain the Mercedes from the registered owner.

FID 9887548 CSS 5555

7. Based upon the outstanding warrants, as well as the aforementioned criminal acts conducted within the City of Oakland, it is believed, Chanta Hopkins is currently residing/staying in Alameda County.

8. SA Carlson identified ▇▇▇ cellular telephone number as 832-763-5555. The ▇▇▇ received Hopkins cellular telephone number from ▇▇▇

9. On April 5, 2016, U.S. Marshal Service personnel observed and attempted to arrest ▇▇▇ while ▇▇▇ was standing in front of ▇▇▇, Oakland, CA. As law enforcement attempted to arrest ▇▇▇ fled on foot and managed to evade arrest. During the attempted arrest ▇▇▇ left his cellular telephone at ▇▇▇ and the telephone was recovered by SA Carlson.

10. While in possession of ▇▇▇ cellular telephone, ▇▇▇ phone received several incoming calls from cellular telephone number 832-763-5555.

11. On April 5, 2016, SA Carlson presented and swore to a search warrant of ▇▇▇ cellular telephone signed by Honorable Gordon S. Baranco, Alameda County Superior Court Judge. At this point during the investigation attempts to search ▇▇▇ cellular telephone have met with negative results at the phone is password protected.

12. A file check on the number using ▇▇▇ (a law enforcement telephone number search engine) was conducted. The number was issued to an unknown subscriber. The cellphone provider is Verizon Wireless 180 Washington Valley Road, Bedminster, NJ 7921.

13. Based on my training, experience, and knowledge of this investigation, I believe that the Target Telephone is in possession of fugitive Chanta Hopkins, aka Mohammed Askari Aquil and the following records and these records will further this investigation.

14. Based on the information provided in this application, I believe that the disclosure of the requested Court Order may result in the flight from potential prosecution or the destruction of or tampering with evidence, or may otherwise seriously jeopardize the investigation. Therefore, pursuant to California Penal Code Section 629.66, I further request that the Court Seal this record and direct the local, long distance and wireless carriers listed in the proposed Warrant, to include law enforcement officials, filed concurrently herewith, and their representatives, agents and employees, not to disclose in any manner, to the listed subscriber for the Subject Telephone Number(s), or to any other person, the existence of this Order, in full or redacted form, or of this investigation unless otherwise ordered by this court.

15. Based on my training and experience, I know that fugitives often move around at all hours of the day and night in order to avoid law enforcement detection; because of this, fugitives are often unpredictable when and where they decide to rest ▇▇▇

16. I request that law enforcement officers executing this warrant be excused from the immediate receipt requirement of Penal Code section 1535. If the fugitive or user of the Subject Telephone was aware that a warrant was executed to allow for a tracking of the Subject Telephone(s) with the use of a cell-site simulator, it would alert the user/subscriber to law enforcement's ongoing investigation ▇▇▇ jeopardizing future investigations. I further request,

FID 9887548 CSS 5555

based on the facts stated herein and the ongoing investigation, that the Court authorize notification of the search warrant (pursuant to Penal Code section 1528 through 1535) to be limited only to the wireless carrier(s).

## JUSTIFICATION FOR DELAY OF NOTIFICATION COURT ORDER PURSUANT TO A FINDING OF PROBABLE CAUSE UNDER CALIFORNIA PENAL CODE 1546.2;

I, SA Stonie Carlson, hereby applies to this Court, pursuant to Section 1546.2(b)(2) of the Penal Code, for an order delaying for 90 days the notification required by Section 1546.2(a) of the Penal Code in connection with this Search Warrant requested on April 7, 2016 that was issued to obtain electronic information records pertaining to **Subject Telephone Number (s)** 832-763-5555, believed to be in possession of CHANTA HOPKINS aka MOHAMMEDA ASKARI AQUIL, which will help aid in the investigation on CHANTA HOPKINS aka MOHAMMEDA ASKARI AQUIL whereabouts. It is FURTHER REQUESTED pursuant to CA Penal Code 1546.2 (b)(3) that based on the supporting Affidavit, the Court delay the notification for a period of ninety (90) days justified by the following adverse results because it is believe that the notice will: **1. LEAD TO FURTHER FLIGHT FROM PROSECUTION and 2. OTHERWISE SERIOUSLY JEOPARDIZE AN INVESTIGATION OR UNDULY DELAY A TRIAL.**

### CONCLUSION

Based upon the above listed facts and circumstances, I believe there is evidence the fugitive is currently in possession of the aforementioned cellular device (832) 763-5555. I also believe that evidence of the fugitive's whereabouts will be located with the information requested in this affidavit, ultimately leading to an arrest and ensuring public safety. Therefore, I am respectfully requesting that a search warrant be issued in this case.

**Wherefore, he/she requests that this Search Warrant be issued.**
**NIGHT SEARCH REQUESTED:**      YES [X]  NO [ ];
**SEALING REQUESTED:**           YES [X]  NO [ ];
**90 DAY DELAY NOTICE:**         YES [X]  NO [ ];

_____
**[Signature(s) of Affiant(s)]**

**NIGHT SEARCH APPROVED:**                          YES [X] NO [ ]
**SEALING WARRANT AND AFFIDAVATE APPROVED:**        YES [X] NO [ ]
**90 DAY DELAY NOTICE:**                            YES [X] NO [ ];

_____
**[Signature of Magistrate]**
Judge of the Superior Court, County of Alameda

FID 9887548 CSS 5555

USCH 002343

# AFFIDAVIT OF FBI SPECIAL AGENT STONIE CARLSON

1. On April 7, 2016, the undersigned affiant swore out a search warrant for a cell-site simulator for the cellular telephone services by Verizon Wireless and assigned telephone number 832-763-5555, before the Honorable Judge Julie Conger. I obtained the search in connection to an effort to apprehend Chanta Hopkins (FID 9887548) on two outstanding state arrest warrants. Upon my request and showing of necessity, the Court ordered the search warrant and the supporting affidavit be held under seal.

2. On February 21, 2017, a federal grand jury in San Francisco returned an indictment charging Chanta Hopkins with access device fraud, in violation of 18 U.S.C. § 1029(a)(2), aggravated identity theft, in violation of 18 U.S.C. § 1028A, and possession with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1).

3. It has come to my attention that the information contained in the state court search warrant and the supporting affidavit may be relevant and material to the pending federal case, and may need to be disclosed to the defendant, Chanta Hopkins, and his counsel. I am aware that the Assistant United States Attorney is seeking authorization to make this disclosure, and I do not think this limited disclosure will compromise the investigation at this time.

4. I believe that further disclosure of this search warrant or the supporting affidavit may otherwise seriously jeopardize the investigation. Therefore, pursuant to California Penal Code Section 629.66, I request that this record otherwise remain under seal.

DATED: September 26, 2017

STONIE CARLSON
Special Agent
Federal Bureau of Investigation

Subscribed to and sworn to before me this 26th day of September, 2017

HON. C. DON CLAY
California Superior Court Judge

LIMITED DISCLOSURE ORDER

# ATTACHMENT A 

## PROBABLE CAUSE HAVING BEEN SHOWN, THIS COURT HEREBY ORDERS:

The use of a cell-site simulator on cellular telephone provider(s) known as: Verizon Wireless number 832-763-5555 upon the request of Inspectors of the United States Marshals Service, shall provide the following information and services without delay the use of:

(a) A cell-site simulator, which constitutes a "pen register" device within the meaning of Title 18, United States Code, Section 3127(3), in that it is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted for a period of (30) days or until the TARGET is located.

(b) IT IS FURTHER ORDERED, pursuant to Title 18, United States Code, Section 3127(3), that use of the cell-site simulator be used by Inspectors with the United States Marshals on number 832-763-5555 to the date of the order and continuing thru a period of thirty (30) days from the date this Warrant.

(c) IT IS FURTHER ORDERED, with Good cause having been shown, pursuant to CA Penal Code 629.66, that this entire Search Warrant to include the Affidavit and Warrant, be sealed until otherwise ordered by the court, that the identity of any target(s) of the underlying criminal investigation may be redacted from any copy of this Warrant to be served on any service provider or other person, and that the local, long distance and wireless carriers and their representatives, agents and employees, nor law enforcement officials shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of this Warrant or the existence of the above-described investigation, to the listed subscriber for the Subject Telephone Numbers, the occupant of said premises, the subscribers of the incoming calls to or outgoing calls from the Subject Telephone Numbers, or to any other person, in full or redacted form, unless or until otherwise ordered by the court.

(d) IT IS FURTHER ORDERED, Probable Cause having been shown, pursuant to CA Penal Code 1546.2, the notification be delayed for 90 days based on the statement in the attached affidavit and a finding of adverse results in that it would serious jeopardize the ongoing investigation and undue delay of trail causing the fugitive of the investigation to flee from prosecution. Upon arrest of the fugitive, if located before the 90 day expiration period, the affiant of the U.S. Marshals Service shall file a return to the warrant within 10 calendar days and serve a copy of the warrant to the authorized handler of the device and the notice of the nature of the government's investigation.

1. The U.S. Marshals Service Affiant shall file a return to the warrant within 10 calendar days after the use of the Target Telephone(s) as a tracking device has ended, subject to any order for delayed notice.

2. The U.S. Marshals Service is excused from the immediate receipt requirement of Penal Code section 1535. Notification of the search warrant (pursuant to Penal Code section 1528 through 1535).

FID 9887548 CSS 5555

3. As part of the receipt of the requested data, the U.S. Marshals Service is prohibited from seizing any tangible property, or any other prohibited wire or electronic information which would require an application under Penal Code section 629.50 et seq. The U.S. Marshals Service is not prohibited from doing so in relation to any other investigation or order authorized by law.

**AND TO SEIZE IT/THEM IF FOUND** and bring it/them forthwith before me, or this court, at the courthouse of this court except that return of this warrant is authorized 10 days after the recovery. Federal law enforcement agents employed by the United States Marshals Service are authorized to assist in the service of this search warrant. This Search Warrant and incorporated Affidavit was sworn to as true before me this ___7___ day of April 2016, at ___11:30___ A.M. / P.M. Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

NIGHT SEARCH APPROVED: YES [X] NO [ ]
SEALING WARRANT AND AFFIDAVATE APPROVED: YES [X] NO [ ]
90 DAY DELAY NOTICE: YES [X] NO [ ];

_Julia Capar_
[Signature of Magistrate]
Judge of the Superior Court, County of Alameda

FID 9887548 CSS 5555

BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SHAILIKA S. KOTIYA (CABN 308758)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7443
    FAX: (415) 436-7027
    Shailika.kotiya@usdoj.gov

Attorneys for United States of America

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE SEARCH WARRANT FOR A CELL-SITE SIMULATOR FOR THE CELLULAR TELEPHONE SERVICED BY VERIZON WIRELESS, ASSIGNED TELEPHONE NUMBER 832-763-5555 | [PROPOSED] ORDER PERMITTING DISCLOSURE OF SEARCH WARRANT AND SUPPORTING AFFIDAVIT ON A LIMITED BASIS |

    On April 7, 2016, the Honorable Judge Julie Conger authorized a search warrant for a cell-site simulator for the cellular telephone services by Verizon Wireless and assigned telephone number 832-763-5555, after a finding if probable cause as supported by sworn affidavit. The affiant obtained the search warrant in connection to an effort to apprehend Chanta Hopkins (FID 9887548) on two outstanding state arrest warrants. Upon request of the affiant and with a proper showing of necessity, the Court ordered the search warrant and the supporting affidavit sealed at the time the warrant was authorized.

    On February 21, 2017, a federal grand jury in San Francisco returned an indictment charging Chanta Hopkins with access device fraud, in violation of 18 U.S.C. § 1029(a)(2), aggravated identity theft, in violation of 18 U.S.C. § 1028A, and possession with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1).

LIMITED DISCLOSURE ORDER

USCH 002330

The information contained in the state court search warrant and the supporting affidavit may be relevant and material to the pending federal case. Moreover, federal authorities may be obligated to disclose certain material contained within the affidavit to the defendant, Chanta Hopkins, and his counsel. In order to allow the federal authorities to fulfil these obligations, the undersigned Assistant United States Attorney requests that the Court authorize the disclosure of the search warrant and the supporting affidavit, in redacted form, to the defendant, Chanta Hopkins, and his counsel.

DATED: September 25, 2017

SHAILIKA S. KOTIYA
Assistant United States Attorney

## [PROPOSED] ORDER

IT IS HEREBY ORDERED that the above-captioned search warrant and the supporting affidavit be unsealed for the limited purpose of providing a copy of the warrant and the supporting affidavit to the defendant, Chanta Hopkins, and his counsel.

DATED: September 26, 2017

HON.
California Superior Court Judge

LIMITED DISCLOSURE ORDER

USCH 002331